UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS, | : : : : | |
| Petitioner, | : : | |
| | : | CIVIL ACTION FILE NO. |
| vs. | : : | 2:21-cv-017 |
| DOMINIQUE DAWSON, ERIC DAWSON, THOMAS LANGDALE, and TINA PALARDIS-LANGDALE, | : : : : : | _____ |
| Respondents. | : : | |

**PETITION FOR DECLARATORY JUDGMENT**

COMES NOW Progressive Premier Insurance Company of Illinois (hereinafter, "Progressive"), and files its Petition for Declaratory Judgment requesting that the Court exercise its authority pursuant to O.C.G.A. § 9-4-2 and declare the rights and legal relations of the parties identified herein. In support of its Petition, Progressive respectfully shows the Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

Page 1

2.

Venue is proper in this Court's Brunswick Division pursuant to S.D. Ga. LR 2.1(a), as one or more Respondents reside in this division and a substantial part of events giving rise to the tort lawsuits underlying this action occurred in this division.

3.

Venue is further proper in this Court's Brunswick Division pursuant to O.C.G.A. § 9-10-30, as one or more Respondents reside in Camden County, Georgia, and the tort lawsuits underlying this action are pending in the Superior Court of Camden County, Georgia, both of which are within the territorial limits of this division.

4.

Petitioner Progressive is an Ohio corporation with its principal place of business located in Mayfield Village, Ohio.  Progressive is authorized to conduct business in the State of Georgia.

5.

Respondent Dominique Dawson is a Georgia citizen and a resident of Camden County, Georgia.  Respondent Dominique Dawson may be served by delivering summons and a copy of this Petition at her last known address of 12166 U.S. Highway 17, Woodbine, Camden County, Georgia 31569.

6.

Respondent Eric Dawson is a Georgia citizen and a resident of Camden County, Georgia. Respondent Eric Dawson may be served by delivering summons and a copy of this Petition at his last known address of 12166 U.S. Highway 17, Woodbine, Camden County, Georgia 31569.

7.

Respondent Thomas Langdale is a Georgia citizen and a resident of Camden County, Georgia. Respondent Thomas Langdale may be served by delivering summons and a copy of this Petition at his last known address of 104 Spyglass, Kingsland, Camden County, Georgia 31548.

8.

Respondent Tina Palardis-Langdale is a Georgia citizen and a resident of Camden County, Georgia. Respondent Tina Palardis-Langdale may be served by delivering summons and a copy of this Petition at her last known address of 104 Spyglass, Kingsland, Camden County, Georgia 31548.

9.

The amounts in controversy sought in the tort lawsuits underlying this action that are pending in the Superior Court of Camden County, Georgia, both exceed the sum or value of $75,000.00, exclusive of interest and costs, as the limits of

bodily injury coverage under Progressive's automobile insurance policy at issue exceed this amount.

## PRELIMINARY ALLEGATIONS
### Subject Incident

10.

Petitioner hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 9 as if the same were restated verbatim herein.

11.

On or about June 5, 2020, certain Respondents were involved in an altercation that took place in the parking lot of a Winn-Dixie grocery store located at 1390 East Boone Street, Kingsland, Camden County, Georgia 31548.

12.

Respondent Dominique Dawson was unloading groceries into Respondent Eric Dawson's (his father) vehicle, which was parked in the Winn-Dixie grocery store parking lot.

13.

Respondent Thomas Langdale's vehicle was parked next to Respondent Eric Dawson's vehicle.

14.

While Respondent Dominique Dawson was unloading groceries, Respondent Thomas Langdale purportedly believed that he brushed against his vehicle.

15.

An altercation allegedly ensued wherein Respondent Thomas Langdale is alleged to have brandished a firearm, pointed the same at both Respondents Dominique and Eric Dawson, and threatened to shoot and kill those individuals.

16.

Law enforcement was called to the scene, and Respondent Thomas Langdale was ultimately arrested for his purported conduct during this alleged altercation.

17.

As a result of Respondent Thomas Langdale's conduct during the alleged altercation, Respondents Dominique and Eric Dawson have asserted causes of action of aggravated assault seeking general and punitive damages, as well as an award of assessed attorney's fees.

**Progressive's Automobile Insurance Policy**

18.

Petitioner hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 17 as if the same were restated verbatim herein.

19.

At the time of the subject incident, Respondents Thomas Langdale and Tina Palardis-Langdale were insured under a policy of automobile insurance issued by Progressive, Policy No. 910863316 (hereinafter, "Policy"), with an effective date of coverage of January 14, 2020. (A certified copy of the Policy is attached hereto as "Exhibit A.")

20.

The Policy provided bodily injury liability limits in the amount of $100,000.00 each person/$300,000.00 each accident.

21.

Respondent Tina Palardis-Langdale was the named insured under the Policy, with Respondent Thomas Langdale being identified as a driver and resident relative under the same.

22.

The Progressive Policy at issue provides, in pertinent part:

**INSURING AGREEMENT**

In return for **your** payment of the premium, **we** agree to insure **you** subject to all the terms, conditions and limitations of this policy. **We** will insure **you** for the coverages and the limits of liability shown on this policy's **declarations page**. **Your** policy consists of the policy contract, the **declarations page**, and all endorsements to this policy.

## GENERAL DEFINITIONS

The following definitions apply throughout the policy. Defined terms are printed in bold-face type and have the same meaning whether in the singular, plural, or any other form.

. . .

4. "**Bodily injury**" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

. . .

## PART I—LIABILITY TO OTHERS

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident.

Damages include prejudgment interest awarded against an **insured person**.

**We** will settle or defend, at **our** option, any claim for damages covered by this Part I.

**ADDITIONAL DEFINITIONS**

When used in this Part I:
1. "**Insured person**" means:
    a. **you**, a **relative**, or a **rated relative** with respect to an accident arising out of the ownership, maintenance or use of an **auto** or a **trailer**;
    b. any person with respect to an accident arising out of that person's use of a **covered auto** with the permission of **you**, a **relative**, or a **rated relative**;
    c. any person or organization with respect only to vicarious liability for the acts or omissions of a person described in a. or b. above; and

    d. any "Additional Interest" shown on the **declarations page** with respect only to its liability for the acts or omissions of a person described in a. or b. above.
2. "**Property damage**" means physical damage to, destruction of, or loss of use of, tangible property.

. . .

**<u>EXCLUSIONS</u>—READ THE FOLLOWING EXCLUSIONS CAREFULLY.  IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.**

Coverage under this Part I, including **our** duty to defend, will not apply to any **insured person** for:

. . .

9. **bodily injury** or **property damage** caused by an intentional act of that **insured person**, or at the direction of that **insured person**, even if the actual injury or damage is different than that which was intended or expected. . . .

. . .

17. **bodily injury** or **property damage** caused by, or reasonably expected to result from, a criminal act or omission of that **insured person**.  This exclusion applies regardless of whether that **insured person** is actually charged with, or convicted of, a crime.  For purposes of this exclusion, criminal acts or omissions do not include traffic violations. . . .

. . .

## PART II—MEDICAL PAYMENTS COVERAGE

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay the reasonable expenses incurred for necessary **medical services** received within three years from the date of a **motor vehicle** accident because of **bodily injury**:
1. sustained by an **insured person**; and
2. caused by that **motor vehicle** accident.

. . .

**EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY.  IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART II.**

Coverage under this Part II will not apply to **bodily injury**:

. . .

14. caused by, or reasonably expected to result from, a criminal act or omission of an **insured person**.  This exclusion applies regardless of whether the **insured person** is actually charged with, or convicted of, a crime.  For purposes of this exclusion, criminal acts or omissions do not include traffic violations[.] . . .

(Ex. A.)

## The Underlying Actions

23.

Petitioner hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 22 as if the same were restated verbatim herein.

24.

On or about June 26, 2020, Respondent Dominique Dawson filed a lawsuit against Respondent Thomas Langdale in the Superior Court of Camden County, Civil Action No. SUCV2020000551, styled *Dominique Dawson v. Thomas Langdale*.

25.

In said lawsuit, Respondent Dominique Dawson seeks recovery of general and punitive damages, as well as an award of assessed attorney's fees, against

Respondent Thomas Langdale under the theory that Respondent Thomas Langdale committed the intentional tort of aggravated assault against him arising out of the subject incident that occurred on or about June 5, 2020.

26.

Respondent Dominique Dawson's action remains pending but is in its formative stages of the discovery process.

27.

Progressive has been notified of Respondent Dominique Dawson's claim and anticipates that Respondent Dominique Dawson will seek either a settlement or a recovery through jury verdict from Progressive under its issued Policy to Respondents Thomas Langdale and Tina Palardis-Langdale that may exceed the sum or value of $75,000.00, exclusive of interest and costs based on the insurance coverage at issue.

28.

On or about June 26, 2020, Respondent Eric Dawson filed a lawsuit against Respondent Thomas Langdale in the Superior Court of Camden County, Civil Action No. SUCV2020000550, styled *Eric Dawson v. Thomas Langdale*.

29.

In said lawsuit, Respondent Eric Dawson seeks recovery of general and punitive damages, as well as an award of assessed attorney's fees, against

Respondent Thomas Langdale under the theory that Respondent Thomas Langdale committed the intentional tort of aggravated assault against him arising out of the subject incident that occurred on or about June 5, 2020.

30.

Respondent Eric Dawson's action remains pending but is in its formative stages of the discovery process.

31.

Progressive has been notified of Respondent Eric Dawson's claim and anticipates that Respondent Eric Dawson will seek either a settlement or a recovery through jury verdict from Progressive under its issued Policy to Respondents Thomas Langdale and Tina Palardis-Langdale that may exceed the sum or value of $75,000.00, exclusive of interest and costs based on the insurance coverage at issue.

**DECLARATORY JUDGMENT**
**Count I—No "Insured Person"**

32.

Petitioner hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 31 as if the same were restated verbatim herein.

33.

Progressive's Policy provides: "If you pay the premium for this coverage, we will pay damages for bodily injury . . . for which an insured becomes legally responsible because of an accident . . . arising out of the ownership, maintenance or use of an auto[.]"  (Ex. A.)

34.

None of the definitions for "insured" set forth in Progressive's Policy apply to Respondents Thomas Langdale because the subject incident not only did not involve an "accident" as contemplated by the Policy but also did not arise out of the ownership, maintenance, or use of Respondents Thomas Langdale's vehicle insured under the Policy, nor does he meet any of the requirements to qualify as an insured under any other category of a person or entity for whom coverage would be provided based on the facts of the subject incident.

35.

Because Respondent Thomas Langdale does not qualify as an "insured person" under Progressive's Policy, it appears that he is not entitled to insurance coverage under said Policy.

36.

Progressive is in a position of uncertainty as to its rights, obligations, and duties with regard to the extent of any applicable coverage under the Policy pursuant to the terms at issue and cited herein.

**Count II—Intentional Act Exclusion**

37.

Petitioner hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 36 as if the same were restated verbatim herein.

38.

Progressive's Policy states that bodily injury claims asserted under Part I of the Policy (Liability to Others) are excluded if caused by an intentional act of an insured person or conducted at the direction of that insured person. (Ex. A.)

39.

The intentional act exclusion outlined in the Policy is applicable to both Respondents Dominique and Eric Dawson's actions, as both lawsuits raise claims of aggravated assault, an intentional tort, purportedly committed by Respondents Thomas Langdale on or about June 5, 2020.

40.

If Respondents Dominique and Eric Dawson's allegations are correct, Respondents Thomas Langdale's conduct giving rise to their respective claims and

resulting damages are the result of an intentional act/tort that is explicitly excluded from coverage under the Policy.

41.

Consequently, it would appear that Progressive has no coverage obligations to Respondents Thomas Langdale for any alleged intentional tortious conduct.

42.

Progressive is in a position of uncertainty as to its rights, obligations, and duties with regard to the extent of any applicable coverage under the Policy pursuant to the terms at issue and cited herein.

**Count III—Criminal Act Exclusion**

43.

Petitioner hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 42 as if the same were restated verbatim herein.

44.

Progressive's Policy states that bodily injury claims asserted under Part I (Liability to Others) and Part II (Medical Payments Coverage) under the Policy are excluded if caused by, or reasonably expected to result from, a criminal act of an insured person. (Ex. A.)

45.

The Policy further provides that the criminal act exclusion applies regardless of whether the insured person is actually charged with, or convicted of, a crime. (Ex. A.)

46.

The criminal act exclusions outlined in Part I and II of the Policy are applicable to both Respondents Dominique and Eric Dawson's actions, as both lawsuits raise claims of aggravated assault, an intentional tort, purportedly committed by Respondents Thomas Langdale on or about June 5, 2020.

47.

If Respondents Dominique and Eric Dawson's allegations are correct, Respondent Thomas Langdale's conduct giving rise to their respective claims and resulting damages are the result of a criminal act that is explicitly excluded from coverage under the Policy; specifically, aggravated assault and regardless of whether Respondents Thomas Langdale is charged and/or convicted of the same.

48.

Alternatively, if Respondents Dominique and Eric Dawson's allegations are correct, Respondent Thomas Langdale's conduct giving rise to their respective claims and resulting damages are the result of a criminal act that is explicitly excluded from coverage under the Policy; specifically, reckless conduct and

regardless of whether Respondents Thomas Langdale is charged and/or convicted of the same.

49.

Consequently, it would appear that Progressive has no coverage obligations to Respondents Thomas Langdale for any alleged criminal conduct.

50.

Progressive is in a position of uncertainty as to its rights, obligations, and duties with regard to the extent of any applicable coverage under the Policy pursuant to the terms at issue and cited herein.

51.

Progressive has no adequate remedy at law or otherwise, except by this Petition for Declaratory Judgment.

WHEREFORE, Petitioner prays as follows:

(a) That process and summons issue to each of the Respondents herein and that they be served with process and a copy of this Petition for Declaratory Judgment as required by law;

(b) That this Court declare the rights and legal obligations of Petitioner and Respondents under the Policy at issue; and,

(c) For such other and further relief as the Court deems just and proper.

*(Signatures on following page)*

Respectfully submitted, this 16th day of February, 2021.

                            *s/ David N. Nelson*
                            David N. Nelson
                            Georgia Bar Number 537760
                            *Attorney for Petitioner*
                            Chambless, Higdon, Richardson,
                            Katz & Griggs, LLP
                            Post Office Box 18086
                            Macon, Georgia  31209-8086
                            Phone: 478-745-1181
                            Fax:    478-746-9479
                            dnelson@chrkglaw.com


                            *s/ Jason D. Lewis*
                            Jason D. Lewis
                            Georgia Bar Number 197856
                            *Attorney for Petitioner*
                            Chambless, Higdon, Richardson,
                            Katz & Griggs, LLP
                            Post Office Box 18086
                            Macon, Georgia 31209-8086
                            Phone: 478-745-1181
                            Fax:    478-746-9479
                            jlewis@chrkglaw.com

**PARTIES TO BE SERVED:**

Mr. Dominique Dawson
12166 U.S. Highway 17
Woodbine, Georgia 31569 (Camden County)

Mr. Eric Dawson
12166 U.S. Highway 17
Woodbine, Georgia 31569 (Camden County)

Mr. Thomas Langdale
104 Spyglass
Kingsland, Georgia 31548 (Camden County)

Ms. Tina Palardis-Langdale
104 Spyglass
Kingsland, Georgia 31548 (Camden County)